### In the Matter of OFFSHORE TRANSPORT SERVICES, L.L.C., et al.

### No. CIV.A. 05–1210.

United States District Court, E.D. Louisiana.

July 14, 2005.

---

8. The status conference was held on December 20, 2004.

Thomas James Byrne, Jr., Jacobs & Sarrat, New Orleans, LA, for Angela Figueroa, Counter Claimant.

James K. Carroll, Fowler, Rodriguez & Chalos, LLP (Baton Rouge), Baton Rouge, LA, for Apache Corporation, Claimant.

Darleen Marie Jacobs, Jacobs & Sarrat, New Orleans, LA, for Angela Figueroa, Oto Figueroa, Consol Plaintiffs.

Heather Ashman Johnson, Lemle & Kelleher, LLP, New Orleans, LA, for Galiano Tugs, Inc., Offshore Transport Services, L.L.C., Petitioners.

Michael A. McGlone, Lemle & Kelleher, LLP, New Orleans, LA, for Galiano Tugs, Inc., Offshore Transport Services, L.L.C., Petitioners.

Gail Nell McKay, Gail N. McKay, Attorney at Law, Baton Rouge, LA, for Deborah Yvonne Green–Figueroa, Karla Esher Castillo, Ueol Figueroa, Claimants.

Stephanie D. Skinner, Fowler, Rodriguez & Chalos, LLP, New Orleans, LA, for Apache Corporation, Claimant.

## ORDER

ZAINEY, District Judge.

Before the Court is a **Motion for Partial Summary Judgment (Rec.Doc. 13)** filed by petitioners Offshore Transport Services, L.L.C. and Galiano Tugs (hereinafter collectively "Petitioners"). Claimants Deborah Yvonne Green–Figueroa, Ueol Figueroa, Karla Esher Castillo, on behalf of her minor child Kevin N. Figueroa, and Angela Figueroa (hereinafter collectively "Claimants") oppose the motion. The motion, set for hearing on June 29, 2005, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is GRANTED.

## I. BACKGROUND

This cause of action arises out of the death of Jorge Figueroa on March 21, 2005. Mr. Figueroa was killed while attempting to tie off the M/V GREG DANOS to Mustang Island Platform 762. The Claimants do not dispute that the platform is located approximately 30 miles offshore on the high seas. Nor do the Claimants dispute that Mr. Figueroa was a seaman. He was employed aboard the GREG DANOS as a deckhand.

## II. DISCUSSION

### 1. The Parties' Contentions

Petitioners move for partial summary judgment dismissing all claims for punitive damages and all other non-pecuniary damage claims.[1] Petitioners assert that this case is governed by the Death on the High Seas Act ("DOHSA") and that DOHSA non-pecuniary damages are not recoverable.

In opposition, Claimants assert that there is no controlling authority that would prohibit them from recovering non-pecuniary damages from a non-employer such as Offshore Transport, the vessel owner. They also point to a lack of controlling authority regarding whether a seaman (or his representative) can recover punitive damages.

In reply, Petitioners point out that Claimants are relying on cases that address death on state territorial waters, as opposed to the High Seas, and pertain to non-seamen.

### 2. Law & Analysis

■ The Jones Act, 46 U.S.C. § 688, creates a wrongful death action in favor of the personal representative of a seaman killed in the course of employment. *Miles v. Apex Marine Corp.*, 498 U.S. 19, 23–24, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990). The Act provides a remedy at law against a seaman's employer when he is injured or killed through the negligence of the employer. *Sistrunk v. Circle Bar Drilling Co.*, 770 F.2d 455, 457 (5th Cir.1985). The Jones Act does not distinguish between deaths occurring in state territorial waters versus those occurring on the high seas. *Yamaha Motor Corp. v. Calhoun*, 516 U.S. 199, 207 n. 4, 116 S.Ct. 619, 133 L.Ed.2d 578 (1996).

■ DOHSA, 46 U.S.C. app. §§ 761–68 is the exclusive remedy given to a seaman's survivors[2] for death occurring on the high seas outside of state territorial waters, *i.e.*, more than 3 nautical miles from shore. Unlike the Jones Act which applies only to a seaman's employer, DOHSA applies to any party whose wrongful

---

1. Claimants' mental and physical anguish, discomfort, inconvenience, loss of enjoyment of life, loss of consortium, emotional distress and strain, loss of love and affection, and emotional anguish.

2. DOHSA applies to any person, seaman and non-seaman alike, who is killed on the high seas. See 46 app. U.S.C. § 761(a).

act, neglect, or default causes the decedent's death on the high seas. *Id.* § 761(a). DOHSA on its face limits recovery only to pecuniary losses, *id.* § 762(a),[3] and the Supreme Court has unequivocally held that the courts are not free to supplement DOHSA with non-pecuniary supplements. *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 625, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978); *see also Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 232, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986).

▮ In contrast to DOHSA, the Jones Act, (and FELA which it incorporates) do not explicitly limit damages to any particular form. *Miles,* 498 U.S. at 32, 111 S.Ct. 317. However, the jurisprudence addressing the issue establishes that a seaman's recovery under the Jones Act does not include non-pecuniary losses. *Miles,* 498 U.S. at 32, 111 S.Ct. 317 (recognizing that Congress must have intended to incorporate FELA's pecuniary limitation when it enacted the Jones Act). Thus, non-pecuniary recovery is foreclosed under both the DOSHA and the Jones Act statutory schemes.

▮ In addition to the wrongful death cause of action created by the Jones Act and DOHSA, there is a general maritime cause of action for the wrongful death of a seaman. *Miles,* 498 U.S. at 30, 111 S.Ct. 317. Nevertheless, in *Miles v. Apex,* the Supreme Court held that a seaman's representative cannot circumvent the statutory limitation on non-pecuniary recovery by bringing a wrongful death claim under general maritime law. 498 U.S. at 32, 111 S.Ct. 317. The Court explained that it would be inappropriate for the federal courts to judicially provide a greater scope of damages than what Congress had provided statutorily. *Id.* at 32–33, 111 S.Ct. 317. Thus, the elements of damages recoverable for the wrongful death of a seaman are the same whether suit is brought under DOHSA, the Jones Act, or general maritime law. *Id.* at 33, 111 S.Ct. 317.

▮ In *Guevara v. Maritime Overseas Corp.,* 59 F.3d 1496, 1506 (5th Cir.1995), the Fifth Circuit explicitly recognized that punitive damages are rightly classified as non-pecuniary in nature. While *Guevara* dealt specifically with punitive damages sought in conjunction with the failure to pay maintenance and cure, the Fifth Circuit explained that *Miles's* analytical framework governs the approach to deciding damages issues in maritime actions. *Id.* The court explained that the first step is to evaluate the factual setting of the case to determine if any statutory remedies apply. If the situation is governed by a statute like the Jones Act or DOHSA, and if the statute limits the available damages, then the statute governs the damages available under general maritime law as well. *Id.* The general maritime law will not expand the available damages when Congress has spoken to the relief it deems appropriate or inappropriate. *Id.* (citing *Anderson v. Texaco, Inc.,* 797 F.Supp. 531, 536 (E.D.La.1992)).

Moreover, in *Scarborough v. Clemco Industries,* the Fifth Circuit held that "the *Miles* uniformity principle" applies to non-employer third parties. 391 F.3d 660, 668 (5th Cir.2004). Thus, neither a Jones Act seaman nor his survivors may recover non-pecuniary damages from non-employer third parties. *Id.*

---

3. The Amount and Apportionment of Recovery aspect of DOHSA provides in pertinent part:

The recovery in such suit shall be a fair and just compensation for *the pecuniary loss* sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought.

46 App. U.S.C.A. § 762(a) (emphasis added).

The foregoing case law precludes Claimants herein from recovering non-pecuniary damages from either of the petitioners regardless of which one actually employed Jorge Figueroa. Assuming that Figueroa was a seaman, the Jones Act applies, and non-pecuniary damages are not allowed regardless of whether Claimants sue under the Jones Act or general maritime law. If Figueroa was not a seaman, the result is the same because it is undisputed that his accident occurred on the high seas. In that circumstance, DOHSA applies and again non-pecuniary damages are not recoverable. Petitioners are therefore entitled to partial summary judgment on Claimants' claims for non-pecuniary damages.

Accordingly;

**IT IS ORDERED** that the **Motion for Partial Summary Judgment (Rec.Doc. 13)** filed by petitioners Offshore Transport Services, L.L.C. and Galiano Tugs should be and is hereby **GRANTED**.